FILED
2018 Jul-16 AM 10:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| KAY E. YOUNG, | ] |
| Plaintiff, | ] |
| v. | ] Case No.: 2:18-CV-00189-KOB |
| ATLAS WELDING SUPPLY COMPANY, INC., et. al., | ] |
| Defendants. | ] |

## MEMORANDUM OPINION

This matter is before the court on the following motions: 1) *pro se* Plaintiff Young's motion to appoint counsel (doc. 9); 2) Defendant Atlas Welding Supply Company's "Motion to Quash Service and to Dismiss" (doc. 10); and 3) Defendants James Cain, Chuck Dean, and Bill Visintainer's "Motion to Quash Service and to Dismiss" (doc. 11).

Ms. Young filed her initial complaint in this case on February 2, 2018, along with a motion for leave to proceed *in forma pauperis*. (Doc. 1). The court granted the motion, but required Ms. Young to file an amended complaint in compliance with the Federal Rules of Civil Procedure. (Doc. 4). After filing her amended complaint (doc. 6), Ms. Young filed a motion to appoint counsel and Defendants filed motions to quash service and to dismiss (docs. 10, 11). The court deferred ruling on these motions or entering briefing schedules on them until Ms. Young contacted the Birmingham Volunteer Lawyers Program to seek counsel. (Doc. 12). Then, on May 29, 2018, Ms. Young filed a second amended complaint, along with an explanation that her efforts to secure a volunteer lawyer were unsuccessful. (Doc. 14).

As explained below, the court will DENY Ms. Young's motion to appoint counsel; DISMISS Ms. Young's claims against individual Defendants Cain, Dean, and Visintainer because Title VII does not provide a cause of action against individuals; and DIRECT Ms. Young to properly serve an alias summons and a copy of the second amended complaint (doc. 14), on Defendant Atlas Welding's authorized agent or corporate officer, as required under Rule 4 of the Federal Rules of Civil Procedure.

### *Ms. Young's Motion to Appoint Counsel*

No right to counsel exists in civil cases. *See Steele v. Shah,* 87 F.3d 1266, 1271 (11th Cir. 1996) (stating that "[c]ourt appointed counsel in civil cases is warranted only in 'exceptional circumstances,' and whether such circumstances exist is also committed to district court discretion"). As Ms. Young has failed to show exceptional circumstances warranting court-appointed counsel, the court, in its discretion, will DENY her motion. (Doc. 9).

### *Sua Sponte Rule 12(b)(6) Analysis Pursuant to 28 U.S.C. § 1915(e)(2)(B)*

Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss a case at any time, notwithstanding filing fees, if "the action or appeal is frivolous or malicious; fails to state a claim on which relief can be granted; or seeks monetary relief against a defendant who is immune from such relief." Although the court must show leniency to a *pro se* plaintiff's pleadings, her complaint is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must plead more "than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Ms. Young brought claims against Defendants Cain, Dean, and Visintainer under Title VII of the Civil Rights Act of 1964. (Doc. 14 at 3). But, "[t]he relief granted under Title VII is against the *employer, not individual employees* whose actions would constitute a violation of the Act." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (emphasis added). Because Title VII does not provide a cause of action against persons in their individual capacity, Ms. Young's Title VII claims against the individual Defendants Cain, Dean, and Visintainer fail to state a claim for which relief can be granted. So, the court will DISMISS Ms. Young's claims against Defendants Cain, Dean, and Visintainer for failure to state a claim for which relief can be granted.

### *Defendant Atlas Welding Supply's Motion to Dismiss*

Because Ms. Young has filed an amended complaint, Defendant Atlas Welding's motion to quash service and dismiss is now MOOT. (Doc. 10). However, Ms. Young must perfect service of the amended complaint on Defendant Atlas Welding. She must do so on or before August 7, 2018. Further, she must perfect service according to the guidelines provided in Rule 4(h) of the Federal Rules of Civil Procedure regarding serving a corporation. Failure to do either will result in the dismissal of her claims.

The court will enter a separate Order consistent with this Memorandum Opinion.

**DONE** this 16th day of July, 2018.

**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE