FILED
2019 Apr-04 AM 10:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

**KAY E. YOUNG,**

**Plaintiff,**

**v.**

**ATLAS WELDING SUPPLY COMPANY, INC.,**

**Defendant.**

**Case No. 2:18-CV-00189-KOB**

# MEMORANDUM OPINION

This matter comes before the court on "Defendant Atlas Welding Supply Company, Inc.'s Renewed Motion to Dismiss," (doc. 18), and "Supplemental Motion to Dismiss of Atlas Welding Supply Company, Inc.," (doc. 24).

Defendant Atlas Welding filed its renewed motion to dismiss on August 8, 2018. (Doc. 18). On August 14, the court entered a show cause order why the court should not grant Atlas Welding's August 8th motion to dismiss. (Doc. 19). Plaintiff Kay Young responded on August 14, 2018. (Doc. 19). At that point, the court became aware of a service of process issue, which it corrected by directing the U.S. Marshal Service to serve process on Atlas Welding. (Doc. 21). That order resolved one issue raised in Atlas Welding's renewed motion to dismiss. The order directed the U.S. Marshal Service to serve process on an individual identified by Atlas Welding as able to receive process. (*Id.*). [1]

On September 25, 2018, Atlas Welding filed its supplemental motion to dismiss. (Doc. 24). The court entered a briefing schedule on the supplemental motion to dismiss on November

[1] The wrong individual was again served. At that time, Atlas Welding waived the service of process issue. (Doc. 24).

30, 2018. (Doc. 25). As stated in the order setting the briefing schedule, the court found the renewed motion to dismiss moot because the supplemental motion to dismiss raised the exact same issues as the renewed motion to dismiss, but did not raise the service of process issue that Atlas Welding waived in the supplemental motion. So, the supplemental motion to dismiss is not supplemental in nature, but is the main motion itself.

Ms. Young filed a response to the supplemental motion to dismiss on January 1, 2019. (Doc. 26). On January 18, 2019, Ms. Young filed a document titled "Amended Show All," with medical records attached. (Doc. 27). Atlas Welding filed its reply brief on January 18, 2019. (Doc. 28). The motion is now ripe for review. (Doc. 24). For the reasons discussed below, the court will DISMISS this case WITHOUT PREJUDICE.

## I. Background

Ms. Young, acting pro se, first filed a complaint in this court on February 2, 2018. After numerous amendments, the complaint currently before this court is the Third Amended Complaint. (Doc. 17). Ms. Young raises four categories of discriminatory conduct: (1) termination of her employment, (2) failure to promote, (3) unequal terms and conditions of her employment, and (4) excessive harassment in meetings. (*Id.* at 4). Ms. Young contends that she was discriminated against because of her sex—female—and her age—older than 40 years of age.

Ms. Young worked as a sales representative for Atlas Welding. (Doc. 17 at 5). She states that she was the only sales representative not given formal training. She also was not paid in the same method as the male sales representatives. When she requested to sell other products, such as certain gases, Atlas Welding repeatedly told her "it isn't a good fit." (*Id.*).

According to Ms. Young, male sales representatives are able to sell all products to all types of businesses. On the other hand, she is restricted to certain gases on a limited customer

basis. She contends that only one male sales representative is older that she; Atlas Welding has most recently hired only young males.

Ms. Young alleges that she was traumatically harassed by two bosses—one owner and one sales manager. She notes that the harassment continued from December 2016 until Atlas Welding terminated her on May 16, 2017. Because of this harassment, Ms. Young contends that she suffers from post-traumatic stress disorder.

On October 17, 2017, Ms. Young filed an EEOC charge.[2] (Doc. 17 at 5). She received a right-to-sue letter from the EEOC on November 3, 2017. (*Id.*). She did not attach either document to the Third Amended Complaint. But Ms. Young previously filed the right-to-sue letter as a notice in this case and as part of her First Amended Complaint and Second Amended Complaint. (Doc. 3; Doc. 6 at 11; Doc. 14 at 18). Ms. Young also filed her EEOC charge as part of her Second Amended Complaint. (Doc. 14 at 17).

## II. Standard of Review

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)). A plaintiff must provide the grounds of his entitlement, but Rule 8 generally does not require "detailed factual allegations." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47). It does, however, "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662,

[2] In her Third Amended Complaint, Ms. Young stated that she filed the EEOC charge on November 17, 2017. (Doc. 17 at 5). But the court presumes that Ms. Young intended to write *October* 17, 2017, which is the date on the EEOC charge filed as part of the Second Amended Complaint. (Doc. 14 at 17).

678 (2009). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertions" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557.

The Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting and explaining its decision in *Twombly*, 550 U.S. at 570). To be plausible on its face, the claim must contain enough facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

The Supreme Court has identified "two working principles" for the district court to use in applying the facial plausibility standard. The first principle is that, in evaluating motions to dismiss, the court must assume the veracity of well-pleaded factual allegations; however, the court does not have to accept as true legal conclusions even when "couched as [] factual allegation[s]" or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. The second principle is that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. Thus, under prong one, the court determines the factual allegations that are well-pleaded and assumes their veracity, and then proceeds, under prong two, to determine the claim's plausibility given the

well-pleaded facts. That task is "context-specific" and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Id.* If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claim must be dismissed. *Id.*

## III. Discussion

Atlas Welding contends that the court should dismiss Ms. Young's claims for two reasons. First, Ms. Young failed to file a timely charge with the EEOC for her ADEA claim. Second, Ms. Young failed to state a claim upon which relief can be granted for sex and age discrimination. The court will discuss each argument in turn.

### a. Failure to file a timely EEOC charge

Atlas Welding argues that Ms. Young failed to timely file a charge with the EEOC alleging age discrimination. It maintains that Ms. Young only checked the box for sex discrimination on her EEOC charge, not age discrimination, even though she raises age discrimination under the ADEA in her Third Amended Complaint.

A potential plaintiff must exhaust her administrative remedies before filing suit under the ADEA. *See Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1238 (11th Cir. 2004) ("The ADEA requires that an individual exhaust available administrative remedies by filing a charge of unlawful discrimination with the EEOC before filing a lawsuit."); *see also Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001) ("Before a potential plaintiff may sue for discrimination under Title VII, she must first exhaust her administrative remedies."). As a first step, the potential plaintiff must file a timely charge of discrimination with the EEOC. *See Bost*, 372 F.3d at 1238.

As a preliminary issue, the court must consider whether it can look to the EEOC charge in this case because the EEOC charge was filed neither with the Third Amended Complaint nor with the current motion to dismiss. Ms. Young only included the EEOC charge as part of her Second Amended Complaint. (Doc. 14 at 17). And Atlas Welding only included the EEOC charge as part of its motion to dismiss Ms. Young's First Amended Complaint. (Doc. 10-5). "As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'" *Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006)).

The court can find no applicable law or case in which both parties failed to attach to an amended complaint and to a motion to dismiss the amended complaint a document critical to both the complaint and the motion to dismiss, such as an EEOC charge. But generally courts "have been extremely reluctant to allow procedural technicalities to bar claims brought under [Title VII]" because "of the remedial and humanitarian underpinning of Title VII and of the crucial role played by the private litigant in the statutory scheme." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 460–61 (5th Cir. 1970); *see also Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (holding that Fifth Circuit decisions handed down prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit). "Consequently, courts confronted with procedural ambiguities in the statutory framework have, with virtual unanimity, resolved them in favor of the complaining party." *Id.* at 461.

So, in the nature of allowing Ms. Young's complaint to go forward in the face of a procedural ambiguity, the court will consider Ms. Young's EEOC charge attached to her Second Amended Complaint.

In her EEOC charge filed on October 17, 2017, Ms. Young only selected the box for sex discrimination. (Doc. 14 at 17). She did not allege a single fact regarding her age or discrimination that may have resulted from her age. Ms. Young only contends that two male employees, the CEO and the Sales Manager, "yelled at and intimidated" her. (*Id.*). She concludes: "I believe I have been discriminated against due to my sex, female[,] in violation of Title VII . . . ." (*Id.*).

A plaintiff is not necessarily limited to only the facts and claims included on the EEOC charge. But "[a] plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Mulhall v. Advance Sec., Inc.*, 19 F.3d 586, 589 n.8 (11th Cir. 1994). The court considers whether the complaint "was like or related to, or grew out of, the allegations contained in her EEOC charge." *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004).

But Ms. Young's EEOC charge fails to even make a basic allegation of discrimination based upon any characteristic. In her charge, she contends that the two men yelled at her at meetings and concludes that she has been "discriminated against due to [her] sex, female." (Doc. 10-5 at 2). In her Third Amended Complaint, she only mentions age in that Atlas Welding has most recently hired young males. But the basis for her complaint is not that she suffered adverse employment action because she was older, but that she was subjected to verbal abuse—without any mention of age or other protected category—at the hands of two male coworkers. Without a single mention of age in the EEOC charge and merely a cursory statement regarding young new

hires in the complaint, the court cannot find that Ms. Young's ADEA claim grew out of her EEOC charge.

So, because Ms. Young's ADEA claim was not raised in her EEOC charge, the court will grant Atlas Welding's motion to dismiss her ADEA claim.

**b. Failure to state a claim**

Atlas Welding argues that Ms. Young fails to state a claim for discriminatory termination, failure to promote, unequal terms and conditions of employment, and excessive harassment in meetings. Each claim will be discussed in turn.

But first, the court notes that Ms. Young has alleged different facts throughout her successive complaints in this case. Again, the court can only consider the facts Ms. Young alleged in her Third Amended Complaint, her most recent pleading. *See Pintando*, 501 F.3d at 1243 ("As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'" (quoting *Dresdner Bank AG*, 463 F.3d at 1215)).

**a. Discriminatory termination**

Atlas Welding contends that "[o]ther than a checked box [on the complaint form], the Third Amended Complaint is devoid of any allegations to support a claim for gender or age discrimination in her employment" relating to discriminatory termination. (Doc. 24 at 15–16). To establish a prima facie case for discriminatory termination, the plaintiff must establish four elements. Specifically, she must prove that

> (1) she belongs to a protected class; (2) she was subjected to adverse employment action; (3) her employer treated similarly situated employees outside her classification more favorably; and (4) she was qualified to do the job.

*Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1091 (11th Cir. 2004); *see also Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000) (listing the same elements for a prima facie case under the ADEA).

In the Third Amended Complaint, Ms. Young alleges that two supervisors at Atlas Welding harassed her from December 206 until May 16, 2017 "to try and get me to quit." Ms. Young does not allege any more facts regarding discriminatory termination. She notes that she was the only employee traumatically harassed in this manner.

Ms. Young has sufficiently pled evidence that she belongs to a protected class—female and 40 years of age or older—and that she was subjected to adverse employment action—termination. Sex and age are protected classes. *See* 42 U.S.C. § 2002e-2(a)(1) (listing sex as a protected class under Title VII); 29 U.S.C. §§ 623, 631 (prohibiting employment discrimination based on age when an individual is at least 40 years old). So Ms. Young is a member of two protected class because she is female and more than forty years old. And termination is an adverse employment action. *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998) ("A tangible employment action constitutes significant change in employment status such as hiring, firing, failing to promote, reassignment with significantly different responsibilities or a decision causing a significant change in benefits."). Atlas Welding does not contest these elements specifically.

But Ms. Young has not pled facts to prove the remaining two elements. She did not allege that her employer treated similarly situated employees outside her classification more favorably; she merely stated that she was the only employee harassed in this manner. The court does not know if other females even work at Atlas Welding. And Ms. Young has not pled that she was qualified for the job. So, the court must dismiss Ms. Young's discriminatory termination claim.

**b. Failure to promote**

Ms. Young alleges that she asked to sell more gases than she was permitted to sell initially. Ms. Young does not expressly call this a promotion, but the court assumes that the failure to promote claim must relate to selling more gases because Ms. Young has not alleged any other promotion. For a failure to promote claim, a plaintiff must show that

> (i) he or she belonged to a protected class; (ii) he or she was qualified for an applied for a position that the employer was seeking to fill; (iii) despite qualifications, he or she was rejected; and (iv) the position was filled with an individual outside the protected class.

*Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 768 (11th Cir. 2005).

Ms. Young did not specifically allege that her failure to promote claim was based upon discriminatory intent and not disparate treatment. But to establish a prima facie case for a failure to promote disparate treatment claim, the test is substantively identical. The plaintiff must show that he or she:

> (1) was a member of a protected class; (2) was qualified for an applied for the promotion; (3) . . . was rejected despite his [or her] qualifications; and (4) other equally or less qualified employees who were not members of the class were promoted.

*Johnson v. AutoZone, Inc.*, 768 F. Supp. 2d 1124, 1144 (N.D. Ala. 2011).

Atlas Welding contends that Ms. Young's claim fails because Atlas Welding was not attempting to fill a position. This argument applies equally to Ms. Young's claim, regardless of whether the claim is for discriminatory intent or disparate treatment.

Again, Ms. Young satisfies the first condition: she belongs to two protected classes—age and sex. But she fails to allege facts to prove the remaining three conditions. First, she does not allege that she was qualified for a position the employer was seeking to fill. Beyond qualifications, Ms. Young fails to allege that the employer was seeking to fill a position at all.

Assuming that selling more gases would be a promotion, Ms. Young provides no facts suggesting that Atlas Welding had an opening it wished to fill. Second, Ms. Young does not allege that she was rejected despite her qualifications, as the court is still unclear what her relevant qualifications were. Third, the court cannot determine that the position was filled by individuals outside the protected class. Ms. Young generally alleges that "the most recent hires have been all young males," but does not indicate for what position these men were hired. (Doc. 17 at 6). And again, Ms. Young did not allege that Atlas Welding had an opening for the position she sought. So, because Ms. Young failed to allege that an opening existed, the court must dismiss her failure to promote claim.

**c. Unequal terms and conditions of employment**

Atlas Welding maintains that Ms. Young failed to plead sufficient facts to establish a prima facie case for unequal terms and conditions of employment. To establish a prima facie case for discrimination under Title VII or the ADEA, the plaintiff must show that

> (1) she belongs to a protected class; (2) she was subjected to adverse employment action; (3) her employer treated similarly situated employees outside her classification more favorably; and (4) she was qualified to do the job.

*Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1091 (11th Cir. 2004); *see also Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000).

Ms. Young alleges four different categories of "terms and conditions" to which she was subjected. First, she was the only sales representative not given formal training. Second, she was not paid in the same method as the male sales representatives. Third, she was only allowed to sell a few gases, while "the male sales reps are allowed to sell all products to all types of businesses." (Doc. 17 at 6). Fourth, she was the only employee her two supervisors traumatically harassed.

But Ms. Young fails to allege that individuals outside her protected classes—males and employees under 40 years of age—were treated differently. Instead, she continuously states that she was the *only* employee treated in this manner. If Ms. Young was the only female employee or the only employee at least 40 years of age, then she could establish that her employer treated similarly situated employees outside her classification more favorably.

Ms. Young does allege that the *male* sales representatives were paid in a different method. But she provides no details on how either she or the other sales representatives were paid. She also does not explain whether other female sales representatives were paid the same way in which she was paid. The court cannot even determine if the different way in which Ms. Young was paid was an adverse action because the court does not know how she or the male sales representatives were paid. Likewise, Ms. Young contends that *male* sales representatives were able to sell all products to all business entities. But she does not explain what products other female representatives were able to sell—only that *she* was not permitted to sell other gas types. So, the court must dismiss Ms. Young's claim for unequal terms or conditions of employment.

**d. Excessive harassment in meetings**

Ms. Young claims she was traumatically harassed by two of her supervisors at work. Title VII and the ADEA do not provide "a general civility code for the American workplace." *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006) (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998)). And "'personality conflicts at work that generate antipathy' and 'snubbing by supervisors and co-workers' are not actionable under [Title VII]." *Id.* (quoting 1 B. Lindemann & P. Grossman, Employment Discrimination Law 669 (3d ed. 1996)).

Ms. Young did not allege that the supervisors harassed her because she was a woman or because she was forty years or older. She also did not allege that they made discriminatory remarks about her age or sex. So, while the supervisors may have harassed Ms. Young, harassment not based on a protected class is not actionable under Title VII or the ADEA. *See Wiercioch v. Verizon Fla., LLC*, No. 8:11-cv-2129-T-30EAJ, 2013 WL 500181, at *6 (M.D. Fla. Feb. 11, 2013) ("Title VII does not protect against rude or aggressive behavior generally, only against discrimination based upon a protected class."). Because Ms. Young has failed to state a claim upon which relief can be granted, the court must dismiss her claim for excessive harassment in meetings.

## IV. Conclusion

For the reasons discussed above, the court will GRANT Defendant's motion to dismiss. (Doc. 24). The court will DISMISS this case WITHOUT PREJUDICE. The court will enter a separate Order consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this 3rd day of April, 2019.

Karon O. Bowdre

**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE